UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JAMES FALOR, | ) | |
|---|---|---|
| Petitioner | ) | |
| v. | ) | CAUSE NO. 3:08-CV-160 RM |
| SUPERINTENDENT, | ) | |
| Respondent | ) | |

OPINION AND ORDER

James Falor, a *pro se* prisoner, filed this habeas corpus petition challenging his 365-day loss of earned credit time and demotion to credit class III in case number CIC 08-01-164. On January 23, 2008, the Correctional Industrial Facility Disciplinary Hearing Board (DHB) found him guilty of violating a state law (Indiana Code 35-45-9-3) in violation of A-100. Mr. Falor raises two grounds in his petition. The respondent filed a motion to dismiss claiming that neither of these grounds were raised and exhausted during the State administrative appeal process. Mr. Fowler filed a traverse.

> To avoid procedural default, a habeas petitioner must fully and fairly present his federal claims to the state courts. Fair presentment requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance of the claims later presented in federal court. In the interests of federal-state comity, both the operative facts and controlling law must be put before the state courts.
> Fair presentment, however, does not require a hypertechnical congruence between the claims made in the federal and state courts; it merely requires that the factual and legal substance remain the same.
> That being said, the state courts must be apprised of the constitutional nature of the claim. If the facts presented do not evoke a familiar constitutional constraint, there is no reason to believe the state courts had a fair opportunity to consider the federal claim. We will consider four factors

when determining whether a petitioner has fairly presented his federal claim to the state courts: 1) whether the petitioner relied on federal cases that engage in a constitutional analysis; 2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; 3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and 4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation.

Anderson v. Benik, 471 F.3d 811, 814-815 (7th Cir. 2006) (quotation marks and citations omitted).

Mr. Falor is challenging a prison disciplinary proceeding, not a State court conviction. The grounds for bringing a habeas challenge in a prison disciplinary proceeding are very limited.

> Due process requires that prisoners in disciplinary proceedings be given: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action.

Scruggs v. Jordan, 485 F.3d 934, 939 (7th Cir. 2007) (quotation marks and citations omitted). "In addition to procedural safeguards, the disciplinary decision must be supported by at least 'some evidence.'" Id., at 941.

The first ground raised in this habeas corpus petition is: "Mr. Falor's conviction for violating INDIANA CODE § 35-45-9-3 is not supported by 'some evidence' in the record, in violation of the Fourteenth Amendment to the Constitution of the United States." Petition at 2-3, DE 1. In his Disciplinary Hearing Appeal, Mr. Falor began his administrative appeal by writing, "I am appealing this due to my not being guilty of a class (A 100) . . .." DE 5-9

at 1. Though not a specific reference to the sufficiency of the evidence, given the very limited number of grounds for challenging a prison disciplinary proceeding, this is adequate to call to mind that specific constitutional right. Furthermore, an assertion of innocence is a fact pattern that is within the mainstream of constitutional litigation in prison disciplinary habeas corpus challenges and provides reasonable notice of a claim for insufficient evidence.

The second ground raised in this habeas corpus petition is: "Mr. Falor did not receive advance written notice of the charge sufficient to inform him of the behavior which he was being charged." Petition at 5, DE 1. In his Disciplinary Hearing Appeal, Mr. Falor wrote, "The report of conduct did not state any of the following minimum requirements (See pgs. A.D.P. III Section B letters A, B, E)." DE 5-9 at 2. Those provisions of the A.D.P. provide that,

> The REPORT OF CONDUCT shall include, at a minimum, the following information:
> a. The specific rule(s) violated;
> b. A formal statement of the charge;
> . . .
> e. Any physical evidence and the disposition of this evidence;

Traverse, Exhibit A at 1, DE 11-2. Though due process doesn't require that a report of conduct contain that much information[1] and though violations of State procedures are not a basis for habeas corpus relief,[2] this reference to the A.D.P. in his administrative appeal

---

[1] Wolff v. McDonnell, 418 U.S. 539 (1974) only requires advance notice of sufficient facts to inform the accused of the behavior with which he is charged.

[2] "We have stated many times that federal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (quotation marks and citations omitted).

was nevertheless adequate to call to mind his Wolff right to receive notice of sufficient facts to inform him of the behavior with which he was charged. Furthermore, an assertion that he did not receive adequate notice under the A.D.P. is a fact pattern that is within the mainstream of constitutional litigation in prison disciplinary habeas corpus challenges and provides reasonable notice of a due process claim for insufficient notice.

After raising both of these grounds in his administrative appeal, the Final Reviewing Authority stated, "I have reviewed all of the issues brought to the Superintendent on appeal." DE 5-12. Because Mr. Falor has raised and exhausted both of these grounds, the motion to dismiss will be denied and the court will address them on the merits.[3]

First, Mr. Falor alleges that there is not "some evidence" to support finding him guilty. Though he properly states this ground in terms of the "some evidence" standard, his supporting arguments confuse that standard with the requirements for a conviction in State court. This is a habeas corpus review of a prison disciplinary proceeding, not a direct appeal from a State court conviction.

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). Mr. Falor was found guilty of violating a state law by participating in a criminal

---

[3] Nevertheless, even if these claims had not been exhausted, 28 U.S.C. § 2254(b)(2) permits this court to deny a habeas corpus petition on the merits.

gang. He admitted that he was previously a member of the Aryan Brotherhood. The investigating officer stated that several protective custody inmates identified him as a current member and vice president of the Aryan Brotherhood. That officer also stated that the Aryan Brotherhood engages in extortion, intimidation, and battery. Though Mr. Falor argues that there is no direct evidence that he personally engaged in any underlying criminal activity (such as extortion, intimidation, or battery), that is not the relevant question in a habeas corpus case. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455-456 (1985). There is some evidence that Mr. Falor is an active member of the Aryan Brotherhood who engages in criminal activities. Though these facts could be interpreted differently, "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 457 (1985); *see also* Superintendent v. Hill, 472 U.S. 445, 455-56 (1985) (disciplinary action supported when inmate was one of three seen fleeing from scene of assault even when victim denied fellow inmates had assaulted him); Hamilton v. O'Leary, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt supporting disciplinary action); and Mason v. Sargent, 898 F.2d 679, 680 (8th Cir. 1990) (disciplinary action supported when contraband was found in locker shared by two inmates).

Second, Mr. Falor alleges that he "did not receive advance written notice of the charge sufficient to inform him of the behavior which he was being charged." Wolff v.

5

McDonnell, 418 U.S. 539 (1974), only requires advance notice of sufficient facts to inform the accused of the behavior with which he is charged. The Report of Conduct, signed by Mr. Falor five days before his hearing, provided him with more than adequate notice of the facts of which he was charged.

> On 14 January 2008 I, Shane Briggs, did complete the investigation of Offender James Falor DOC# 134297 concerning his involvement in the Protective Custody cases that were referred to the Internal Affairs Department at CIF. Offender Falor is the current vice-president of the Aryan Brotherhood (AB). During an interview on January 4, 2008 Offender Falor stated that he is 'retired' and that he has no involvement with the AB at this time. Offender Falor stated that he did not know who the vice president was, and that the position had not been voted upon yet. However, several of the protective custody cases name Offender Falor and state that he is the vice president of the AB STG. The position of vice president is extremely high in the AB chain of command and is responsible, at least in part, for the daily activities of the STG, including but not limited to extortion, intimidation, and battery. Offender Falor's membership as well as his rank in the STG firmly solidifies that he knowingly or intentionally actively participates in a criminal gang (AB). This conduct violates IC 35-45-9-3; **CRIMINAL GANG ACTIVITY**; a Class D Felony.

Report of Conduct, DE 5-2 (emphasis in original).

Because Mr. Walker has presented no basis for habeas relief, the court DENIES his petition.

SO ORDERED.

ENTERED: August __22__, 2008

                                               /s/ Robert L. Miller, Jr.
                                               Chief Judge
                                               United State District Court